UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JOHN SABANOFSKY and MARK LEONE,**

    Plaintiff,

v.                                            CASE NO.:

**CERTIFIED ASSET MANAGEMENT LLC, a Florida Limited Liability Company, MICHAEL A. MASSIAN, Individually and DIANDRA ALIOTO, Individually,**

    **Defendants.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs, JOHN SABANOFSKY ("SABANOFSKY") and MARK LEONE ("LEONE") (collectively referred to as "Plaintiffs"), by and through the undersigned attorney, sues the Defendants, CERTIFIED ASSET MANAGEMENT, LLC, a Florida Limited Liability Company ("CAM"), MICHAEL A. MASSIAN ("MASSIAN") and DIANDRA ALIOTO ("ALIOTO") (collectively referred to as "Defendants") and allege:

**JURISDICTION AND VENUE**

1. Plaintiffs were employees of Defendants and bring this action for unpaid minimum wages and proper overtime compensation, liquidated damages, and all other applicable relief pursuant to Fla. Const. Art. X § 24, and the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

2. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 and the FLSA, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

3. At all times material hereto, Plaintiffs were a resident of Orange County, Florida.

4. Defendants conduct business in, among others, Orange County, Florida, therefore venue is proper in the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

**PARTIES**

5. Defendant, CAM, is a Florida Limited Liability Company that operates and conducts business in Orange County, Florida and is therefore, within the jurisdiction of this Court.

6. At all times relevant to this action, MASSIAN was an individual resident of the State of Florida, who owned and operated CAM, and who regularly exercised the authority to: (a) hire and fire employees of CAM; (b) determine the work schedules for the employees of CAM, and (c) control the finances and operations of CAM. By virtue of having regularly exercised that authority on behalf of CAM, MASSIAN is/was an employer as defined 29 U.S.C. § 201, et seq.

7. At all times relevant to this action, ALIOTO was an individual resident of the State of Florida, who owned and operated CAM, and who regularly exercised the authority to: (a) hire and fire employees of CAM; (b) determine the work schedules for the employees of CAM, and (c) control the finances and operations of CAM. By virtue of having regularly exercised that authority on behalf of CAM, ALIOTO is/was an employer as defined 29 U.S.C. § 201, et seq.

**COVERAGE**

8. At all material times, Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

9. At all material times, Defendants were an employer as defined by 29 U.S.C. §

203(d).

10. At all material times, Defendants had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

11. At all times material, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

   a. Engaged in commerce; or
   b. Engaged in the production of goods for commerce; or
   c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. cars, towing equipment, and/or office supplies).

12. Therefore, Defendants are an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

13. In addition, during Plaintiffs' employment, Defendants employed at least two employees who were engaged in interstate commerce and/or handled goods, materials and supplies which travelled in interstate commerce, including, but not limited to, cars, trucks, and towing equipment which was used to run the business.

## GENERAL ALLEGATIONS

14. Defendants, CAM, MASSIAN and ALIOTO, are a company classified as a caregiving company.

15. Defendants were an "employer" of Plaintiffs within the meaning of the FLSA.

16. Plaintiffs were an "employee" of Defendants within the meaning of the FLSA.

17. Plaintiff, SABANOFSKY earned a weekly salary of up to $1,000.00 in exchange for work performed for Defendants from on or around September 2017 through May 2019.

18. Plaintiff, LEON earned commissions, in exchange for work performed for Defendants from on or around February 2018 through October 2019.

19. Plaintiff, SABANOFSKY regularly worked in excess of forty (40) hours per week from approximately September 2017 and throughout his employment with Defendant.

20. Plaintiff, LEON regularly worked in excess of forty (40) hours per week from approximately February 2018 and throughout his employment with Defendant.

21. Plaintiff SABANOFSKY's gross weekly wages resulted in wages that fell below the statutory minimum wage during one or more workweeks contrary to §206(a) of the FLSA.

22. Plaintiff LEONE's gross weekly wages resulted in wages that fell below the statutory minimum wage during one or more workweeks contrary to §206(a) of the FLSA.

23. Despite working more than forty (40) hours per week during one or more work weeks, Defendants failed to pay Plaintiffs overtime compensation at a rate of time and one-half times their regular rate of pay for hours worked over forty (40) in a workweek, contrary to §207(a) of the FLSA.

24. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime and minimum wage compensation to Plaintiff.

25. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

26. Defendants have acted willfully in failing to pay Plaintiff in accordance with the

law.

27. Defendants made unlawful deductions to Plaintiffs' pay for a "crash fund" which was never reimbursed and further caused Plaintiffs' pay to fall below the statutory minimum wage and/or fall below the required time and one half pay for all hours worked over 40 hours in a workweek.

28. Defendants failed to maintain proper time records as mandated by law.

29. Defendants failed to post informational posters as required by law advising its employees of their rights under the FLSA.

### COUNT I – RECOVERY OF MINIMUM WAGES (FEDERAL)

30. Paragraphs 1-29 are fully re-alleged and incorporated herein.

31. Plaintiffs were entitled to be paid the full minimum wage for all hours worked during their employment with Defendants.

32. Plaintiffs are entitled to receive the applicable statutory Florida minimum wage rate for all hours worked during their employment with Defendants pursuant to 29 C.F.R. 778.5.

33. Defendant had a common policy of improperly deducting $50.00 weekly as a preventive crash fund in the event the employee cause any damage to the vehicles and/or property while working for Defendant.

34. As a result of these common policies, Plaintiffs are entitled to receive the difference between the full applicable statutory minimum wage and the hourly wage actually paid to them.

35. Defendants failed to maintain proper time records as mandated by law.

36. Defendants failed to post informational posters as required by law advising its employees of their rights under the FLSA.

37. Defendants did not act in good faith or reliance upon any of the following in

formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, et seq., (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

38. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. 255(a).

39. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiffs their proper minimum wages during one or more workweeks, Plaintiffs have suffered damages, plus incurring reasonable attorneys' fees and costs.

40. As a result of Defendants' willful violation of the FLSA, Plaintiffs are entitled to liquidated damages.

41. Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor against Defendants;

a. Awarding Plaintiffs their unpaid minimum wages as allowable under the FLSA statute of limitations period;

b. Awarding liquidated damages in an amount equal to the minimum wage award, or alternatively, awarding pre-judgment interest;

c. Awarding reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

d. Ordering any other further relief the Court deems just and proper.

**COUNT II - RECOVERY OF OVERTIME COMPENSATION**

42. Paragraphs 1-29 are fully re-alleged and incorporated herein.

43. Plaintiffs are/were entitled to be paid time and one-half their regular rate of pay

for each hour worked in excess of forty (40) per work week.

44. During their employment with Defendants, Plaintiffs were not paid for all time worked as described above which resulted in Plaintiffs not being paid proper overtime compensation for all overtime hours worked in violation of the FLSA.

45. As a result of Defendants' intentional, willful and unlawful acts in refusing to overtime compensation for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiffs have suffered damages plus incurring reasonable attorneys' fees and costs.

46. Defendants did not have a good faith basis for its failure to pay Plaintiffs overtime compensation for each hour worked in excess of forty (40) per work week.

47. As result of Defendants' willful violation of the FLSA, Plaintiffs are entitled to liquidated damages.

48. Plaintiffs demand a trial by jury on all issues so triable.

WHEREFORE, Plaintiffs demand judgment against Defendants for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendants did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

Dated: August 7, 2020.

                                                Respectfully submitted,

                                                **/s/ Gregory R. Schmitz**
                                                GREGORY R. SCHMITZ, ESQ.
                                                Florida Bar No.: 0094694
                                                20 North Orange Avenue, Suite 1400
                                                Orlando, Florida 32801
                                                Telephone: (407) 204-2170

                Facsimile:  (407) 563-9986
                E-mail: gschmitz@forthepeople.com
                      mbarreiro@forthepeople.com
***Attorney for Plaintiffs***